IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

SURVIVOR PRODUCTIONS, INC.,                    Case No. 3:15-cv-01596-AA

                                                          O R D E R
                  Plaintiff,

      vs.

JONATHAN OWENS,

                  Defendant.
_____

AIKEN, Judge:

      Plaintiff Survivor Productions, Inc., filed this copyright infringement action against a Doe

defendant associated with a particular Internet protocol ("IP") address, alleging that address was used

to distribute plaintiff's copyrighted motion picture, *Survivor*, through peer-to-peer file sharing.

Compl. ¶¶ 16-17.  Plaintiff learned through discovery that defendant Jonathan Owens was the

subscriber assigned that IP address and subpoenaed defendant to appear at a deposition pursuant to

Federal Rule of Civil Procedure 45.  Taylor Decl. ¶ 6, May 17, 2016 (doc. 26).  According to a sworn

PAGE 1 - ORDER

declaration submitted by plaintiff's counsel, defendant appeared at the deposition and "invoked the Fifth Amendment in response to all substantive questions regarding the use and access to his Internet service and his knowledge and use of BitTorrent." *Id.* ¶ 7.  Plaintiff then amended the Complaint to name defendant and served him with a copy of the summons and First Amended Complaint.  Doc. 16.  Defendant never filed an answer or otherwise appeared in this lawsuit.  This Court entered default judgment in plaintiff's favor on June 1, 2016.  Doc. 29.  The default judgment order permanently enjoined defendant from infringing plaintiff's rights in *Survivor* and awarded plaintiff $1,250 in statutory damages.  Doc. 28.  Plaintiff now moves for attorney's fees and costs.

The court has discretion to allow the prevailing party in a copyright infringement action to recover costs and reasonable attorney's fees.  17 U.S.C. § 505; Fed. R. Civ. P. 54(d).  In considering whether to exercise that discretion, the court may consider, among other factors, (1) the degree of success obtained; (2) frivolousness; (3) motivation; (4) the objective unreasonableness of the losing party's factual and legal arguments; and (5) the need, in particular circumstances, to advance considerations of compensation and deterrence. *Perfect 10, Inc. v. CCBill LLC*, 488 F.3d 1102, 1120 (9th Cir. 2007).  These factors justify an award of fees in this case.

In determining what amount of attorney's fees is reasonable, courts first "calculate the 'lodestar figure' by taking the number of hours reasonably expended on the litigation and multiplying it by a reasonable hourly rate." *Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).  The court then must decide whether to enhance or reduce the lodestar figure on the basis of one or more of the "*Kerr* factors."[1]  *Id.* "[T]here

---

[1] The *Kerr* factors are:  (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill required to perform the legal service properly; (4) the preclusion of other employment by the attorney due to the acceptance of the case; (5) the

is a 'strong presumption' that the lodestar figure is reasonable, but that presumption may be overcome in those rare circumstance in which the lodestar does not adequately take into account a factor that may properly be considered in determining a reasonable fee." *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 554 (2010).

Plaintiff seeks $1,212.75 in attorney's fees, representing 6.93 hours of work billed at an hourly rate of $175. As the party seeking fees, plaintiff bears the burden of showing that the number of hours billed and the hourly rate are reasonable. *Cascadia Wildlands v. Bureau of Land Mgmt.*, 987 F. Supp. 2d 1085, 1092 (D. Or. 2013).

I find plaintiff's requested hourly rate for attorney Drew P. Taylor reasonable. Taylor was admitted to the Oregon State Bar in 2013 and his office is in Salem, which is located in the Upper Valley region of the state. In the District of Oregon, the most recent Oregon State Bar Economic Survey ("OSB Survey") is the "initial benchmark in determining whether hourly billing rates are reasonable." *Bark v. Northrop*, 300 F.R.D. 486, 493 (D. Or. 2014). According to the OSB Survey, the median hourly rate for attorneys in the Upper Valley with zero to three years' experience is $150 per hour. OSB Survey 29.[2] A rate $25 higher than the median is reasonable here because (1)

---

customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975), *abrogated on other grounds by City of Burlington v. Dague*, 505 U.S. 557 (1992). The lodestar calculation subsumes many of these considerations, including the time and labor required; the special skill and experience of counsel; and the type of fee agreement. *Morales v. City of San Rafael*, 96 F.3d 359, 363-64 & n.9 (9th Cir. 1996).

[2] The 2012 OSB Survey is available online at https://www.osbar.org/_docs/resources/econsurveys/12economicsurvey.pdf.

Taylor's nearly three years of practice experience place him at the high end of the zero-to-three year experience bracket; (2) there are no Upper Valley-specific billing rates available for business/corporate litigation, and data from other areas of the state suggests billing rates in this area of practice are somewhat higher than the overall median;[3] and (3) the survey rates are four years old and should be increased a modest amount to account for inflation.[4]

I also find the requested number of hours reasonable. The hours log submitted with the motion for fees appropriately apportions time spent on multiple similar cases to avoid duplicative and excessive billing. *See* Doc. 32-1. The Court notes that plaintiff has a number of nearly identical copyright infringement actions pending in the District of Oregon and encourages plaintiff to continue to seek efficiencies and account for time expended to advance multiple cases in future fee petitions. *See Elf-Man, LLC v. C.G. Chinque Albright*, 2014 WL 5543845, *10 (E.D. Wash. Oct. 31, 2014).

Plaintiff has not asked for an upward adjustment based on any of the *Kerr* factors. After independently reviewing those factors, I find none of them justify either enhancement or reduction of the fee award. *See Sapper v. Lenco Blade, Inc.*, 704 F.2d 1069, 1073 (9th Cir. 1983) (in awarding attorney's fees, a district court need only address "the factors called into question by the case at hand

---

[3] The median overall billing rate in Portland is $275, and the median business/corporate litigation billing rate in Portland is $300. OSB Survey at 29, 31. The median overall billing rate in the Tri-County (Clackamas, Multnomah, and Washington Counties, excluding Portland) region is $210, and the median business/corporate litigation billing rate in the Tri-County region is $248. *Id.*

[4] *See Silvia v. Multnomah Cnty.*, 2009 WL 1162085, *2 (D. Or. Apr. 29, 2009). The U.S. Bureau of Labor Statistics' historical consumer price index for all U.S. cities lists the annual average rates of inflation for the last four years as 2.1% (2012), 1.5% (2013), 1.6% (2014), and 0.1% (2015). Consumer Price Index Detailed Report (Apr. 2016), Table 24, *available at* www.bls.gov/cpi/tables.htm. Applying these rates increases the median Upper Valley rate for new attorneys to $158 per hour.

PAGE 4 - ORDER

and necessary to support the reasonableness of the fee award" (quotation marks omitted)).  Plaintiff

is entitled to an award of attorney fees in the requested amount of $1,212.75.  Plaintiff is also entitled

to an award of costs in the requested amount of $764.90.[5]

CONCLUSION

Plaintiff's Motion for Attorney Fees and Costs (doc. 31) is GRANTED and plaintiff is

awarded attorney's fees and costs in the amount of $1,977.65.

IT IS SO ORDERED.

Dated this 6th day of July 2016.

_____
Ann Aiken
United States District Judge

---

[5] Plaintiff's bill of costs breaks down as follows:  a $400 fee for filing this lawsuit; a $55 fee for service of the summons and subpoena; a $70 fee for obtaining IP identification services from Comcast; a $58.50 fee for service of the First Amended Complaint, Summons, and Case Assignment Order; $99 paid to defendant for his mileage and witness fee; and $84.50 for court report services and a transcript.  *See* Doc. 30.

PAGE 5 - ORDER